IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD DAVIS #632937 | § | |
| VS. | § | CIVIL ACTION NO. 6:11CV261 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration, Petitioner's Motion for Leave to Amend 2254 Petition (docket entry #9). By its title, the motion seeks leave to amend Petitioner's petition originally filed on May 20, 2011, pursuant to 28 U.S.C. § 2254. However, in context and in the specific relief sought by the motion, Petitioner simply seeks to have the Court reconsider the Magistrate Judge's Order of May 25, 2011 (docket entry #6), striking his Memorandum in Support of his petition (docket entry #2). In that context, the Court construes Petitioner's instant "Motion for Leave to Amend" as an objection pursuant to Fed. R. Civ. P. 72(a) seeking a *de novo* review of the Magistrate Judge's ruling on this nondispositive matter by the District Judge assigned to the case. Petitioner's motion is timely.

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "This Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law." *See Atel Maritime Investors, LP v. Sea Mar Management, LLC*, 2010 WL 2654440, at *1 (E.D. La. June 25, 2010) (citing Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir.1995)). "A finding is 'clearly erroneous' when, although there is evidence to support it, the

1

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 946 (1948).

Petitioner relies on a federal district court case from the Western District of Virginia, *Cornett v. Weisenburger*, 454 F. Supp. 2d 544, 548 (W.D. Va. 2006), for the proposition that a local rule should not be "used to dismiss a complaint that was duly filed in accordance with the Federal Rules [of Civil Procedure]." In that case, the plaintiff's civil rights complaint had been returned unfiled by a court clerk because it was not accompanied by the filing fee upon its filing, as required by that district's local rules. A subsequent filing was deemed untimely and the assigned Magistrate Judge had recommended the complaint's dismissal accordingly. On review pursuant to Fed. R. Civ. P. 72(b), the district court held that the local rule must yield to the filing requirements of the Federal Rules of Civil Procedure. *Cornett*, 454 F. Supp. 2d at 552.

Salutary though that case is, it does not apply here. First, the assigned Magistrate Judge in this case did not dismiss Petitioner's habeas petition. It remains docketed and this case active. Her Order simply analyzed the content of an accompanying memorandum of law, which is not required to accompany such a petition, and found that it was "extremely repetitive, including of the arguments already raised in the petition itself." *See* Docket Entry #6 at 1. The Court has reviewed the stricken memorandum of law and agrees. To the extent that it contains legal arguments pertinent to Petitioner's claims, he may raise them in any response he may have once the Respondent files an answer, if an answer is required in this case.

Second, a court has the right to manage its docket, including striking filings that add little to the proceeding at hand. *See In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) (per curiam) ("[t]he

2

district court's standing order invokes its inherent power to manage its own docket to achieve the just and efficient disposition of cases.") (citing, *inter alia*, *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants")). Local Rule CV-3(b) falls into this category. As Petitioner suggests, the Court, including the Magistrate Judges of this Court, has the power "to enlarge a local rule," Motion at 1, such as granting leave to file an overlength document when good cause is shown. However, Petitioner made no such motion for leave to file his document when he filed it and his instant motion does not provide good cause to reverse the decision of the Magistrate Judge now. As noted above, the stricken memorandum of law is much longer than it need be, is extremely repetitive, its basic arguments are already contained in Petitioner's petition and, if he wished, Petitioner could have condensed his legal arguments and added them to the petition itself, while remaining within the limitations of L.R. CV-3(b). As additionally noted above, to the extent that Petitioner's memorandum contains arguments useful in rebutting any answer the Respondent may file, he may include them in a response.

Having thus conducted a *de novo* review of the Magistrate Judge's decision to strike Petitioner's memorandum of law and Petitioner's instant argument, this Court is not "left with the definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. It is accordingly

**ORDERED** that Petitioner's Motion for Leave to Amend 2254 Petition, construed as an objection pursuant to Fed. R. Civ. P. 72(a) (docket entry #9), is hereby **DENIED**.

**SIGNED this 23rd day of June, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE